IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DERRICK HOUSE, | § | |
|     Movant, | § | |
| | § | No. 3:21-cv-1235-N (BT) |
| v. | § | No. 3:18-cr-0460-N-3 |
| | § | |
| UNITED STATES of AMERICA, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On May 27, 2021, Movant Derrick House initiated this civil action by filing a letter requesting additional time to file a motion under 28 U.S.C. § 2255 (ECF No. 3). The District Court referred the matter to the undersigned United States magistrate judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. For the following reasons, the undersigned recommends that the case be dismissed without prejudice for lack of jurisdiction.

I.

House pleaded guilty to possession with intent to distribute a controlled substance and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) and 18 U.S.C. § 2. On July 1, 2019, the District Court sentenced him to 210 months' imprisonment. House appealed to the Fifth Circuit Court of Appeals, and on January 3, 2020, the Fifth Circuit dismissed his appeal.

House then filed his letter with the Court requesting additional time to file a § 2255 motion. He explains, "I am requesting an extension which will give me time to complete the 2255 Motion to Vacate and present it to the Court for consideration." Mot. 1 (ECF No. 3). House has not filed a motion under § 2255 to vacate, set aside or correct his sentence.

## II.

Under Article III of the Constitution, the judicial power of the federal courts is limited to "cases" or "controversies." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). The exercise of federal jurisdiction under the Constitution therefore "depends on the existence of a case or controversy, and a federal court lacks the power to render advisory opinions." *United States Nat'l Bank v. Indep. Ins. Agents of Am., Inc.,* 508 U.S. 439, 446 (1993) (quotation marks and bracket omitted). A federal district court lacks jurisdiction to entertain a motion for extension of time within which to file a § 2255 motion because it presents no case or controversy and would result in the rendering of an advisory opinion.[1] *See United States v. Bautista*, 548 F. App'x 254 (5th Cir. 2013) (per curiam) ("The district court lacked jurisdiction to entertain [the] motion for extension of time to file a § 2255 motion.") (citing *United States v. Leon*, 203 F.3d 162, 163 (2d Cir. 2000)); *United States v. McFarland*, 125 F. App'x 573 (5th Cir. 2005) (per curiam) ("[A] federal court lacks jurisdiction to consider the timeliness

---

[1] Section 2255 does not authorize federal courts to prospectively extend, stop, or toll the one-year statute of limitations. *See* 28 U.S.C. § 2255(f).

of a § 2255 petition until a petition is actually filed.") (quoting *Leon*, 203 F.3d at 163); *United States v. Shipman*, 61 F. App'x 919 (5th Cir. 2003) (per curiam) ("Before the petition itself is filed, there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory.") (internal quotation marks omitted).

House moves for an extension of time within which to file a § 2255 motion. House claims that, due to the COVID-19 pandemic, he was unable to contact his appellate lawyer and he did not receive the appeal transcripts from his lawyer until May 2021. House further claims that the delay in receiving his appeal transcripts caused him to miss the one-year deadline for filing his § 2255 motion, which fell on January 3, 2021. However, this Court lacks jurisdiction to address House's request because it presents no case or controversy. Consequently, any decision rendered by this Court would be an advisory opinion.

III.

For the foregoing reasons, the Court recommends this case be DISMISSED without prejudice for lack of jurisdiction.

Signed June 3, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).